FILED '09 JUN 15 15:07 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID LINDON HARPINE,

    Plaintiff,    Civil No. 07-1882-TC

     v.      FINDINGS AND
            RECOMMENDATION
IGNACIO DE LAS HERAS,
et al.,

    Defendants.

COFFIN, Magistrate Judge.

Plaintiff, an inmate at FCI Sheridan, filed a complaint

pursuant to Bivens v Six Unknown Federal Narcotics Agents, 403

U.S. 388 (1971), alleging that defendants violated his

constitutional rights by being deliberately indifferent to his

serious medical needs. Specifically, plaintiff alleges that

1 - FINDINGS AND RECOMMENDATION

defendants, members of the medical staff at FCI Sheridan, failed to provide timely surgery and adequate pain control for his spinal stenosis.

Before the court is defendants' Motion for Summary Judgment (#50).

The relevant facts are as follows: Plaintiff was diagnosed with mild to moderate degenerative spinal stenosis before his transfer to FCI Sheridan. Plaintiff was transferred to FCI Sheridan on March 30, 2006, and received a medical intake screening upon his arrival.  Plaintiff was placed on Medically unassigned status, thereby excusing him from work duties, and provided the pain medication he had previously been prescribed.

Defendant Dhaliwal was hired as a staff physician for FCI Sheridan in May 2006, and plaintiff had his first medical appointment with Dr. Dhaliwal on July 10, 2006. Plaintiff was treated for complaints of back pain over the next eight months and on March 29, 2007, Dr. Buza performed surgery on plaintiff at Salem Hospital.  Plaintiff's medical treatment from the date of his first appointment with Dr. Dhaliwal until his back surgery on March 29, 2007, is summarized in Defendants' Concise Statement of Material Facts (#51) and Defendants'

2 - FINDINGS AND RECOMMENDATION

Memorandum (#52) p. 4-7; see also, Exhibits to Complaint (#2) (chronology of plaintiff's medical treatment).

In order to prevail on a 42 U.S.C. § 1983 claim that medical treatment has been denied or inadequately rendered, a prisoner must establish that there has been a "deliberate indifference to [his] serious medical needs." Estell v. Gamble, 429 U.S. 97, 104 (1976); Hudson v. McMillian, 503 U.S. 1 (1992); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000); see also, Clements v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

A determination of "deliberate indifference" requires an examination of two elements: 1.) the seriousness of the prisoner's medical needs, and 2.) the nature of the defendants response. See, McGuckin v. Smith, 794 F.2d 1050, 1059 (9th Cir. 1992) (overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)).

In this case, defendants concede that plaintiff's back condition constituted a serious medical need. See, Reply (#74) p. 4. Accordingly, the relevant inquiry in this case is defendants' response to plaintiff's complaints of back pain and their treatment of plaintiff's condition.

To find deliberate indifference, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or

3 - FINDINGS AND RECOMMENDATION

possible medical need." McGuckin v. Smith, supra at 1060.
Medical malpractice, even gross malpractice, does not amount
to a violation of the Eighth Amendment. Wood v. Housewright,
900 F.2d 1332, 1334 (9th Cir. 1990); Broughton v. Cutter
Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Thus, a
dispute between a prisoner and prison officials over the
necessity for or extent of medical treatment does not raise a
claim under 42 U.S.C. § 1983. See, eg., Shields v. Kunkle, 442
F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873
(9th Cir. 1970); McKinney v. People of the State of California,
427 F.2d 160 (9th Cir. 1970) (per curiam) and the cases
collected in the Annotation, Relief Under Federal Civil Rights
Act to State Prisoner Complaining of Denial of Medical Care,
28 A.L.R. Fed. 179, 366-379 (1976).

Because courts lack medical expertise, "where prisoners
receive some medical attention and the dispute is over the
adequacy of the treatment, federal courts are generally
reluctant to second guess medical judgment." Miranda v. Munoz,
770 F.2d 255, 259 (1st Cir. 1985); Layne v. Vinzant, 657 F.2d
468, 474 (1st Cir. 1985); Sanchez v Vild, 891 F.2d 240, 242
(9th Cir. 1989).

In this case plaintiffs claims 1.) that defendants failed

4 - FINDINGS AND RECOMMENDATION

to provide him with timely surgery for his back condition, and
2.) that they failed to adequately control his pain prior to
surgery.

Plaintiff complains of two periods of "delay" in the
treatment of his medical condition.  First, plaintiff alleges
that Mr. De La Heras violated his rights by not providing
plaintiff with an appointment with a physician sooner
following his arrival at FCI Sheridan.  Plaintiff further
alleges that both defendants were deliberately indifferent to
his medical needs by failing to provide a neurosurgical
consult or surgery more quickly.

Plaintiff alleges that a neurosurgeon from the University
of Texas Medical Branch Hospital recommended surgery in 2005,
while plaintiff was incarcerated at the United States
Penitentiary in Beaumont, Texas (USP Beaumont).  However there
is nothing in the record to support plaintiff's allegation in
this regard.  Moreover, plaintiff has not presented any
evidence that defendants were aware of and disregarded such a
recommendation.

Plaintiff's medical records do not indicate that he
required back surgery before his transfer to FCI Sheridan.
See, Davis Declaration (#54) at paragraph 11; see also,

5 - FINDINGS AND RECOMMENDATION

Talpacido Declaration (#55), attachment 1.  If surgery was emergent or imminent, plaintiff would not have been medically cleared for transfer.  Davis Declaration at paragraph 11.

As noted above, plaintiff was medically screened upon his arrival at FCI Sheridan on March 30, 2006.  Plaintiff was placed on Medically Unassigned status and was provided with pain medication prescribed at USP Beaumont.

In April 2006, Mr. De Las Heras reviewed plaintiff's medical condition, including his reported back pain, and determined that urgent care was not needed.  Mr. De Las Heras informed plaintiff that he would be seen by a staff physician when one was hired by FCI Sheridan.  Plaintiff continued to receive his medications and was excused from work duty. Plaintiff was provided with an appointment with Dr. Dhaliwal on July 10, 2006.

I find that Mr. De Las Heras' decision that plaintiff did not require a physician visit before July 10, 2006, did not constitute deliberate indifference to plaintiff's serious medical needs. Plaintiff's medical records from USP Beaumont did not indicate an urgent need for medical care. Rather they demonstrated that plaintiff was medically stable with chronic medical issues only.

6 - FINDINGS AND RECOMMENDATION

As discussed below, plaintiff's examining physicians did not find that plaintiff required immediate surgery or other urgent medical care.  Therefore, the decision not to provide plaintiff a physician visit sooner, did not constitute deliberate indifference to a serious medical need.

Plaintiff has not established a medical need for more immediate surgery.  Dr. Schader, an orthopedic surgeon, conducted two examinations of plaintiff.  He diagnosed plaintiff with having lumbar nerve impingement but did not indicate a need for urgent surgery.  After his February 5, 2007, examination, neurosurgeon Dr. Buza recommended surgery but specified that plaintiff's condition was "not an emergency issue" and that "[he] can do surgery should he choose." Complaint (#2) Exhibit 14.

Nothing in the record before the court suggests that plaintiff's medical condition required a more expedited time-line of care than plaintiff received.  Defendants monitored plaintiff's medical condition regularly from the date of his arrival at FCI Sheridan and provided appropriate and constitutionally adequate care in response to plaintiff's medical needs. The fact that defendants did not provide plaintiff with back surgery as quickly as plaintiff wished

7 - FINDINGS AND RECOMMENDATION

does not rise to the level of an Eighth Amendment violation.

By plaintiff's own pleading, he admits that he received medication for his pain from his arrival at FCI Sheridan through post-surgery.  Plaintiff claims that Dr. Dhaliwal did not provide him with the type or amount of medication that was necessary to control his pain.

Plaintiff's medical records demonstrate that Dr. Dhaliwal encouraged plaintiff to use a combination of medications, diet control and exercise for pain management.  See, Dhaliwal Declaration (#53).  Dr. Davis' Declaration suggests that and that plaintiff was generally non-compliant with Dr. Dhaliwal's recommendations. Davis Declaration (#54) paragraphs 10 and 12

Dr. Dhaliwal's decisions regarding prescribing narcotics to plaintiff took into consideration plaintiff's history of substance abuse and drug seeking behavior.  See. Dhaliwal Declaration (#53) paragraph 6.  Despite these concerns Dr. Dhaliwal prescribed pain medication, including Percocet.

Although plaintiff consistently disagreed with the type and quantity of medication prescribed by Dr. Dhaliwal, a difference of opinion between an inmate and medical authorities does not give rise to a § 1983 claim. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662

8 - FINDINGS AND RECOMMENDATION

F.2d 1337, 1344 (9th Cir. 1981); see also, Snipes v. DeTella,
95 F.3d 586, 592 (7th Cir. 1996) ("Whether and how pain
associated with medical treatment should be mitigated is for
doctors to decide free from judicial interference, except in
the most extreme situations.").

Following plaintiff's surgery, Dr. Dhaliwal disagreed
with Dr. Buza regarding the amount of Percocet plaintiff
should receive.  However, a difference of medical opinion over
proper medical treatment does not establish deliberate
indifference. Sanchez v. Vild, supra.

On March 30, 2007, when plaintiff was returned to FCI
Sheridan after surgery, Dr. Dhaliwal reduced plaintiff's
Percocet dosage from that prescribed by Dr. Buza, but
supplemented the dosage with Motrin 800 and Tylenol 325.  On
April 10, 2007, plaintiff reported that he felt pain free.

There is nothing in the record to suggest that
defendants' were deliberately indifferent to plaintiff's need
for pain management or that their decisions regarding
prescribed medications were "medically unacceptable under the
circumstances." Jackson v. McIntosh, supra at 332.

In summary, the record reflects that in the year between
plaintiff's arrival at FCI Sheridan and the date he received

9 - FINDINGS AND RECOMMENDATION

surgery, plaintiff was regularly and repeatedly seen by medical personnel, including two consultations with an orthopedic specialist and one consult with a neurosurgeon. Plaintiff's medical condition was monitored through x-rays and an MRI and he was consistently provided with pain medication. On February 5, 2007, the examining neurosurgeon, Dr. Buza, concluded that plaintiff's spinal condition was "not an emergency issue" and that surgery was recommended "should [plaintiff] choose." Complaint (#2) Exhibit 14.

Plaintiff was provided surgery within one year of his arrival at FCI Sheridan and within 2 months of Dr. Buza's conclusion that plaintiff was "a candidate for (surgery)." Id.

Although plaintiff may disagree with defendants' treatment of his condition, and specifically with defendants' prescribed type and quantities of pain medication, plaintiff's opinion does not give rise to a claim under the Eighth Amendment. There is no evidence that plaintiff's pain management needs were ignored.

I find that defendants were not deliberately indifferent to plaintiff's serious medical needs and that plaintiff received constitutionally adequate medical treatment and adequate pain control medication.

10 - FINDINGS AND RECOMMENDATION

There are no genuine issues as to any material fact remaining in this case and defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment (#50) should be allowed. This case should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 15th day of June, 2009.

Thomas M. Coffin
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION